IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LOUIE E. JOHNSTON, JR.         )
                                        )
    v.                               )     NO. 3:11-1157
                                        )
UNITED STATES OF AMERICA, et al.   )

TO:    Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

By Order entered December 20, 2011 (Docket Entry No. 2), the Court referred the above captioned action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is Defendants' Motion to Dismiss (Docket Entry No. 11), to which the plaintiff has filed a response in opposition. See Docket Entry No. 15.[1] For the reasons set out below, the Court recommends that the motion be granted and that this action be dismissed.

### I. BACKGROUND

On December 7, 2011, the pro se plaintiff filed a 129 page complaint with voluminous exhibits against the United States of America, United States President Barak Hussein Obama, United States Attorney General Eric Holder, Assistant United States Attorney General Thomas Perez,

---

[1] The plaintiff has also filed a motion (Docket Entry No. 16) to dismiss the defendants' motion to dismiss. The substantive argument contained in the plaintiff's motion is also set out in the plaintiff's response in opposition. For the reasons set out infra at 5-6, it is not necessary for the Court to separately address the plaintiff's motion to dismiss.

United States Attorney for the Middle District of Tennessee Jerry Martin, and United States Department of Justice attorneys Steven H. Rosenbaum, Eric W. Treene, and Sean R. Keveney.

Relying on his review and analysis of various forms of literature, research, and other written materials and on his review of the proceedings in a federal criminal trial conducted in the United States District Court for the Northern District of Texas, [2] the plaintiff alleges that the Defendants have been derelict in their duties to protect the citizens of the United States of America from what the plaintiff believes in an ongoing war. He contends that the Defendants

> refuse to take vital, defensive, corrective action to protect American citizens at war, including the very minimum common sense actions of immediately declaring American's war with Muslims, stopping all Muslim mosques from operating to prevent anti American Jihad training and funding centers for their proven "war machine", and from construction or enlargement of any new mosques in America as long as Muslims are at War with America, but Defendants outrageously ignore Federal Court rulings and evidence, choosing to willfully, proactively, unilaterally, treasonously advocate on behalf of Muslims proven to have as their individual mission to eliminate America.

See Complaint (Docket Entry No. 1), at 2. The plaintiff further contends that the Defendants demonstrated this treasonous attitude by wrongfully filing an Amicus Curiae Brief in the Chancery Court of Rutherford County, Tennessee, in October 2010, in a lawsuit brought by a group of citizens to prevent the construction of a Muslim mosque in that county. Id. at 29-32.

Based on these events, the plaintiff contends that the Defendants have violated the Preamble, Article III, Section 3, Article IV, Section 4, Article VI, and Amendments I, V, X, and XIII to the to the United States Constitution and have violated 42 U.S.C. § 2000ee and 42 U.S.C. §§ 1983, 1985, and 1986. Id. at 123-128. He contends that jurisdiction is proper in the Middle District of Tennessee. Id. at 90-91. The plaintiff styles his complaint as one seeking "emergency declaratory judgements, injunctive and other relief." See Complaint (Docket Entry No. 1), at 1. Specifically, he requests that the Court make 17 specific findings or "declarations" regarding the rights of citizens, the acts of the defendants, historical events, and various issues related to Christianity,

---

[2] United States of America v. Holy Land Foundation for Relief and Development, No. 3:04-CR-240.

Islam, and/or Muslims.  Id. at 116-121.³  Additionally, he seeks preliminary and permanent injunctive relief preventing the construction of any new mosques, requiring the closing of all existing mosques, the suspension of "Muslim Immigration," the cessation and reversal of "Muslim resettlement," the termination of Muslims from the United States military, and to enjoin the Defendants from advocating for Muslims, from violating the Establishment Clause and the plaintiff's civil rights, and from enforcing any laws that would allow conduct offensive to Christianity and detrimental to the pursuit of happiness.  Id. at 121-122.

The Defendants seek dismissal of the action under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting that the allegations in the Complaint are unintelligible and that the plaintiff has not stated a claim for relief as a matter of law.  The Defendants further argue that the United States of America, as a sovereign entity, is absolutely immune from the plaintiff's lawsuit and that the individual defendants are entitled to absolute and/or qualified immunity with respect to any discernable allegations in the Complaint.  See Docket Entry No. 12.

The plaintiff responds by asserting that the Defendants' motion to dismiss was filed 38 days after their deadline to respond to the complaint as set out in Rule 12(b)(2) and (3) and is thus untimely.  The plaintiff further contends that his complaint raises numerous viable and urgent federal questions and satisfies the pleading requirements of the Federal Rules of Civil Procedure.  He disputes that the defendants are entitled to any type of immunity.  See Docket Entry No. 15.

## II. STANDARD OF REVIEW

A motion to dismiss brought pursuant to Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff.  See  Kottmyer v. Maas, 436 F.3d 684 (6th Cir.

---

³ The Court is unable to accurately summarize these requests in a shortened form and thus reference to the Complaint is necessary for the full breadth of the plaintiff's requests for declaratory relief.

3

2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSIONS

This action should be dismissed for lack of subject matter jurisdiction. The issue of the Court's subject matter jurisdiction to hear a case is a threshold issue and may be reviewed by the Court at any time. See New Hampshire Co. v. Home Sav. & Loan Co. of Youngstown, Ohio, 581 F.3d 420, 423 (6th Cir. 2009); Campanella v. Commerce Exch. Bank, 137 F.3d 885, 890 (6th Cir.

4

1998). Indeed, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that the Court "must dismiss" an action if the Court determines that it lacks subject matter jurisdiction. Accordingly, because the viability of the Court's subject matter jurisdiction is always before the Court, the Court does not need to resolve the issue of the timeliness of the Defendants' motion to dismiss prior to addressing the issue of whether subject matter jurisdiction exists.

Federal District Courts are courts of limited jurisdiction. Article III, Section 2 of the United States Constitution provides that Federal Courts may adjudicate only actual cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990); Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). As such, this Court has no authority to render advisory opinions, give opinions upon abstract principles, or hear generalized grievances. See Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984); Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975); North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); Fialka–Feldman v. Oakland Univ. Bd. of Trustees, 639 F.3d 711, 715 (6th Cir. 2011).

A key component of satisfying the case or controversy requirement is that the plaintiff show that he has standing to pursue the lawsuit by showing that: 1) he suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; 2) the injury is fairly traceable to the challenged action; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc., 528 U.S. 167, 180-181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)); Barnes v. City of Cincinnati, 401 F.3d 729, 739 (6th Cir. 2005).

Even if the plaintiff's complaint is given a liberal construction, as is required for review of pro se complaints, see Boag v. MacDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and

even if his allegations are taken as true, his complaint fails to present an actual case or controversy which creates subject matter jurisdiction in this Court. There are no allegations in the complaint which can in any way be read to show the presence of any actual injury in fact suffered by the plaintiff, let alone an injury which can be traced to the actions of the Defendants. Although the plaintiff refers to a several federal statutes in his complaint, he does not set out how any of these statutes have been violated in a manner that is personal and specific to him. See also American Fed'n of Television and Radio Artists, AFL–CIO v. WJBK–TV, 164 F.3d 1004, 1007 (6th Cir. 1999) ("Merely referring to a federal statute ... does not establish federal jurisdiction").

Further, although the plaintiff makes allegations of the detrimental effects of what he considers to be the Defendants' wrongdoings, there are no allegations that the plaintiff has personally suffered a concrete and particularized injury. His allegations are couched in terms of hypothetical or speculative injuries or far-ranging injuries to the general citizenry of the United States of America. However, such allegations fall short of conferring standing on the plaintiff. The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large-does not state an Article III case or controversy." Lujan, 504 U.S. at 573–74. See Massachusetts v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078 (1923) ("standing cannot be predicated upon an injury the plaintiff suffers in some indefinite way in common with people generally"); Tyler v. Judges of Court of Registration, 179 U.S. 405, 406, 21 S.Ct. 206, 45 L.Ed. 252 (1900) ("Even in a proceeding which he prosecutes for the benefit of the public the plaintiff must generally aver an injury peculiar to himself, as distinguished from the great body of his fellow citizens.").

Neither the length of the plaintiff's complaint nor the resoluteness of his beliefs can create a case or controversy where one does not exist. Whatever grievances or disagreements the plaintiff may have with the manner in which the issues he raises are being addressed by those within the

United States Government, they are simply not sufficient to confer subject matter jurisdiction on this Court in the plaintiff's lawsuit. Because the Court finds that it does not have subject matter jurisdiction over the plaintiff's claims, it is not necessary to address the alternative arguments for dismissal raised by the Defendants in their motion to dismiss.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the Defendants' Motion to Dismiss (Docket Entry No. 11) be GRANTED to the extent that it raises the defense of lack of subject matter jurisdiction and that this action be DISMISSED WITHOUT PREJUDICE;[4] and

2) the plaintiff's motion (Docket Entry No. 15) to dismiss the Defendants' motion to dismiss be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                        Respectfully submitted,

                        JULIET GRIFFIN
                        United States Magistrate Judge

---

[4] Because a dismissal for lack of subject matter jurisdiction does not reach the merits of a case, such a dismissal should be without prejudice. See Revere v. Wilmington Fin., 406 Fed.Appx. 936, 937 (6th Cir. Jan 12, 2011); Ernst v. Rising, 427 F.3d 351, 366 (6th Cir.2005), cert denied, 547 U.S. 1021, 126 S.Ct. 1584, 164 L.Ed.2d 302 (2006).