**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| LOUIE E. JOHNSTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:11-1157 |
| ) | Judge Trauger |
| UNITED STATES OF AMERICA, *et al.*, ) | Magistrate Judge Griffin |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM and ORDER</u>**

On June 15, 2012, the Magistrate Judge issued a Report and Recommendation (Docket No. 23), to which the plaintiff has filed what the court will interpret to be objections thereto (Docket No. 26), to which the defendants have responded (Docket No. 27).

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient, and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The Magistrate Judge recommended that this court find itself devoid of subject matter jurisdiction in this case, on the basis of the fact that it raises no actual case or controversy and the plaintiff lacks standing. The Magistrate Judge concluded that the plaintiff makes no allegations that he has personally suffered a concrete and particularized injury as opposed to an

injury to a general body of citizens. The Magistrate Judge's conclusions are correct, and the plaintiff's filing does not convince this court otherwise.

The plaintiff attempts to make the case that he is "a war target in imminent danger simply by being a Christian or being an American citizen or being a non-Muslim." (Docket No. 26 at 11) The plaintiff argues that he "is injured daily and deprived of his Rights" because of his "very personal, public, opposition to the Muslim false god and false religion." (Docket No. 26 at 10) Moreover, he states that he "is a war target," but that "[a]ll non-Muslims are Muslim war targets." (Docket No. 26 at 8) He claims that he is "an active member of the class 'Christian(s)'", and that the goal of Muslims "obviously would injure and irreparably harm Plaintiff via death or involuntary servitude, by my adamant refusal to submit to Muslim culture and lifestyle. . . ." (Docket No. 26 at 9) The plaintiff has not convinced this court that his allegations in this case meet the standard to confer upon him standing to pursue this case, in that there is no alleged individualized potential injury that does not apply equally to all Christian non-Muslims, according to the Plaintiff.

For the reasons expressed herein, the plaintiff's Objections are **OVERRULED**, and the Magistrate Judge's Report and Recommendation is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, it is hereby **ORDERED** that the Defendants' Motion to Dismiss (Docket No. 11) is **GRANTED** to the extent that it raises the defense of lack of subject matter jurisdiction, and this case is **DISMISSED WITHOUT PREJUDICE**. It is further **ORDERED** that the Plaintiff's Motion to Dismiss the Defendants' Motion to Dismiss (Docket No. 15) is **DENIED**. This Order constitutes the Judgment in this case.

It is so **ORDERED.**

Enter this 9th day of July 2012.

                                                  ALETA A. TRAUGER
                                                  U.S. District Judge